# United States District Court
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| CitiFinancial Mortgage Company, Inc. | : | Case No. 1:06-cv-00302 |
|  | : |  |
| Plaintiff | : | District Judge Christopher A. Boyko |
|  | : |  |
| vs. | : |  |
|  | : |  |
| Wilfredo Caraballo, et al. | : | **DEFAULT JUDGMENT AND** |
|  | : | **DECREE IN FORECLOSURE** |
| Defendants. | : |  |
|  | : |  |
|  | : |  |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff CitiFinancial Mortgage Company, Inc.'s Renewed Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Wilfredo Caraballo and Tonya T. Caraballo as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1.  The following defendants are in default of Motion or Answer:

    a.  Wilfredo Caraballo and
    b.  Tonya T. Caraballo;

2.  The Clerk's Entry of Default was filed herein on April 17, 2006.

The Court therefore grants Plaintiff's Motion for Default Judgment with respect to such defendants.

The Court finds that Wilfredo Caraballo executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments

on or before the date such payments were due. The Court further finds that Plaintiff is the owner

and holder of the Note and that the sums due under the Note were accelerated in accordance with

the terms of the Note and Mortgage. The Court further finds that Wilfredo Caraballo and Tonya

T. Caraballo executed and delivered the mortgage referenced in the Complaint (the "Mortgage"),

that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the

amounts due under the Note.

The Court finds that the Note and Mortgage are in default. The Court further finds that

there is due on the Note principal in the amount of $124,328.94 plus interest on the principal

amount at the rate of 9.95% per annum from October 1, 2005. The Court hereby enters judgment

for all amounts due on the Note in favor of Plaintiff and against Wilfredo Caraballo.

The Mortgage constitutes a valid and first lien upon the following described premises

(the "Property"):

> Situated in the City of Euclid, County of Cuyahoga and State of Ohio:
>
> And known as being the Southerly 36 feet front and rear of Sublot No. 17 and the
> Northerly 16 feet front and rear of Sublot No. 18 in Carl A. Steins East 262nd Street
> Subdivision, of part of Original Euclid Township, Tract No. 20, as shown by the recorded
> plat in Volume 148 of Maps, page 2 of Cuyahoga County Records, together forming a
> parcel of land 52 feet front on the Easterly side of East 262nd Street, and extending back
> 118.90 feet on the Northerly line, 118.92 feet on the Southerly line and having a rear line
> of 52.00 feet, as appears by said plat, be the same more or less, but subject to all legal
> highways.
>
> Parcel Number:  645-20-070
>
> Commonly known as:  311 East 262nd Street, Euclid, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the

Mortgage was filed for record on June 3, 2003, and recorded as Instrument Number

200306030436 in the Cuyahoga County Recorder's Office; that the mortgage, together with the

Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on January 7,

2004 as Instrument Number 200401070048 in the Cuyahoga County Recorder's Office; that the

conditions of said Mortgage have been broken: and that Plaintiff is entitled to have the equity of redemption of the defendants-titleholders foreclosed.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to Plaintiff CitiFinancial Mortgage Company, Inc., and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendants-titleholders in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER.** that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER.** that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1.    To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2.    To the plaintiff CitiFinancial Mortgage Company, Inc., the sum of $124.328.94, with interest at the rate of 9.95 percent per annum from October 1, 2005.

3.    To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4.    The balance of the sale proceeds, if any, shall be held by the Master

Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the

lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the

successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a

deposit at the time of sale.  Plaintiff shall pay the balance of all the Master Commissioner's costs

due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order

confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be

issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of

the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**
**DATE:** 9/27/06

JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE